UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAREN SUTTON )<br>    Plaintiff )<br>)<br>)<br>)<br>v. )<br>)<br>DYNAMIC RECOVERY SOLUTIONS, LLC )<br>    Defendant )<br>) | CIVIL ACTION<br><br><br><br><br><br><br><br>APRIL 15, 2011 |

## COMPLAINT

1. This is a suit brought by a consumer who has been harassed by the by the defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.,* and includes a pendent claim brought under State law for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

2. Plaintiff, Karen Sutton, is a natural person residing in Norwalk, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(3).

3. Defendant, Dynamic Recovery Solutions, LLC ("DRS"), is a Limited Liability Company located in South Carolina and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

5. This Court has jurisdiction over DRS because it engages in debt collection within Connecticut.

6. Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

7. In or around the beginning of March 2011, DRS called Plaintiff's brother's residence in New Hampshire and left a voicemail message in an attempt to collect from Plaintiff a consumer debt related to a Visa account (the "Account").

8. Plaintiff's brother found that message to be aggressive in nature and was upset by it, and he relayed the contents of that message to Plaintiff, much to her shame and embarrassment.

9. On or around March 8, 2011, Plaintiff called the number that had been left on that message, and she spoke with a DRS representative named Michael; Michael told her that he worked for a company called DRA Associates, and that they had been trying to reach Plaintiff regarding the Account.

10. Michael offered to settle the Account for $326, and Plaintiff reluctantly agreed to accept Michael's settlement offer; she provided him with her bank account information to pay $326 to settle the Account, and Michael told Plaintiff that he would send her confirmation of the settlement in the mail.

11. DRS withdrew $326 from Plaintiff's bank account.

12. On or around March 9, 2011, notwithstanding Plaintiff had already settled the Account, a DRS representative named Larry called and spoke with Plaintiff in an attempt to collect the Account.

13. DRS violated the FDCPA and CUTPA by its collection activities described above.

WHEREFORE, the Plaintiff seeks from recovery of actual damages (including emotional distress related damages) pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

**PLAINTIFF, KAREN SUTTON**

By: /s/Daniel S. Blinn
Daniel S. Blinn, Fed Bar No. ct02188
Matthew W. Graeber, Fed Bar No. ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax (860) 571-7457